IN SHE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 17-03075-01-CR-S-MDH |
| | ) | |
| ROBERT KILGORE, | ) | |
| | ) | |
| Defendant. | ) | |

## SUPPLEMENTAL OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT AND SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT ROBERT KILGORE

**COMES NOW**, the Defendant, Robert Kilgore, by and through counsel, and respectfully presents these supplemental objections to presentence investigation report. Additionally a sentencing memorandum for the Court's consideration of 18 U.S.C. § 3535(a) sentencing factors and sentencing recommendations set forth in the pre-sentence report.

### I. Offense level Considerations and Criminal History

Mr. Kilgore stands before the Court having pled guilty to the offense of escape from custody. The presentence report contemplated that Mr. Kilgore's liability for this charge is a total offense level of eleven (11) under the Federal Sentencing Guidelines. However, Mr. Kilgore has an objection that will affect the total offense level calculation. Mr. Kilgore has clearly accepted responsibility for his actions. According to the PSI Mr. Kilgore's criminal history is a category IV. Mr. Kilgore has not objected to his criminal history.

*Guideline Objection*

Mr. Kilgore has objected to the allegation that he consumed methamphetamine while he was away from the facility. Such allegation and objection by the Government has caused PSI writer to amend her preliminary report and remove the four point reduction in favor of

Mr. Kilgore as stated in USSG § 2P1.1(b)(3).

The government cannot establish the *corpus delicti* of the crime of possession of a controlled substance in particular methamphetamine. The *corpus delicti* of possession of controlled substance according to the State of Missouri would be "'the presence of a controlled substance in such circumstances as would warrant the conclusion that it had been in the knowingly possession of some person...'" *State v. Miller*, 139 S.W.3d 632, 638 (Mo. App. 2004) (*which is referencing possession with intent, citing State v. Sutherland, 11 S.W3d (Mo. App. 1999)*. "The rule that an uncorroborated confession cannot, on its own, support a criminal conviction has its roots in a healthy skepticism of the accuracy of confessions." *U.S. vs. Kirk*, 528 F.3d 1102, 111 (8th Cir. 2008). When there is no physical evidence of the crime confessed, "the Government must introduce substantial independent evidence establishing the trustworthiness of the defendant's statement." *Id.* It is the government's burden to provide independent evidence to establish the accuracy or trustworthiness of the statement. *Id.* The evidence offered does not have to establish the crime beyond a reasonable doubt or preponderance. *Id.*

The statement of Mr. Kilgore does not in itself establish that he possessed methamphetamine in violation of Missouri law as stated by the Government. Granted this is a sentencing hearing and the cases above reference the standard of seeking a conviction, but the harm and prejudice is just as great here for Mr. Kilgore. Agreement with the Government results in an additional four points added to the relevant conduct of Mr. Kilgore. It results in an exposure of ten months on either end of the guideline spectrum. So holding the Government to the burden of providing something to establish the trustworthiness of the confession is vital to the guideline calculation. As to the knowledge of appointed counsel no

other corroborating information exists to support Mr. Kilgore's statement. Furthermore, Mr. Kilgore suffers from diabetes as stated in his PSI. His struggle with diabetes affects his ability to comprehend and this very well may been the issue when he was being questioned. There is no independent evidence to show the trustworthiness of the statement. Therefore, his statement cannot be used to deny him the four point reduction as discussed in the preliminary report as to 2P1.1(b)(3) of the guidelines.

## II. Factors of 18 U.S.C. § 3553(a) and Imposing Sentence

As in any criminal sentencing, the Court is bound by the requirement of 18 U.S.C. § 3553(a) to impose a sentence sufficient, but not greater than necessary, to comply with the statutory purposes of sentencing. The four purposes of sentencing set forth in sub-section 3553(a)(2) are: retribution, deterrence, incapacitation and rehabilitation.

Mr. Kilgore has been incarcerated the majority of his life, which would make reintegrating back into society difficult. Even before this event, Mr. Kilgore was close to completion of over **21 years** of incarceration in BOP. His own actions will extend his incarceration further in this case. From the time of his arrest on or about June 14, 2017, Mr. Kilgore has spent close to a year in custody for pretrial detention and awaiting sentencing. Actual time towards his sentence very well may not begin until his release from the previous sentence that occurred on or about August 16, 2017. It is very likely the Court will sentence to Mr. Kilgore to incarceration; however an extended period of time will not serve the interest of 18 U.S.C § 3553(a) factors.

## III. CONCLUSION

For all the reasons stated above, Mr. Kilgore would request that the Court consider the sentence most appropriate under the circumstances which serves the requirements of 18 U.S.C. § 3553(a). After sustaining the objections discussed above Mr. Kilgore's appropriate

guideline is a base level offense of 13 -4 (2P1.1(b)(3)) -2(acceptance) results in a total offense level of 7 and a criminal history category of IV. This results in a guideline range of 8-14 months.

          Respectfully submitted

          REPLOGLE, TYRRELL, AND ROBERTSON, LLC

          By: /s/ John Tyrrell
              John A. Tyrrell
              For Robert Kilgore
              Missouri Bar No. 56717
              Post Office Box 15
              Marshfield, Missouri 65706
              (417) 859-3979
              (417) 859-6630 (fax)
              john@rtrattorneys.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2018, I electronically filed she foregoing document with the Clerk of the Court using the CM/ECF system, which sent e-mail notification to all CM/ECF participants in this case.

          /s/ John Tyrrell
          Attorney of Record